UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JACKIE SAGASTUME,

    Plaintiff,

v.                                                                                                               Civ. No. 20-258 MV/GJF

KILOLO KIJAKAZI, *Acting Commissioner*
*of the Social Security Administration*,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Combined Motion and Brief for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA") [ECF 35]. The Motion is fully briefed. ECFs 36 & 37. For the reasons stated below, the Court will **DENY** the Motion.

## I. RELEVANT BACKGROUND

In March 2020, Plaintiff filed her Complaint for Social Security Benefits. ECF 1. In January 2021, Plaintiff filed a Motion to Remand, requesting that the case "be reversed and remanded under the fourth sentence of 42 U.S.C. § 405(g)." ECF 26. This Motion received full briefing. ECFs 27, 28, 31. In October 2021, the Court issued a Proposed Findings and Recommended Disposition ("PFRD"), recommending that the presiding judge reverse and remand the Commissioner's final decision "*only* on the basis that the ALJ failed [at step five] to resolve an apparent conflict between the vocational expert's testimony and the Dictionary of Occupational Titles." ECF 32 at 1 (emphasis in original). The PFRD advised the parties that they had 14 days to file objections. *Id.* at 21. As no objections were filed, the presiding judge adopted the PFRD in November 2021. ECF 33 at 1.

Plaintiff's Motion to Remand raised four arguments for why she was entitled to relief: (1)

the ALJ failed at step five to elicit a reasonable explanation from the vocational expert to resolve an apparent conflict between the vocational expert's testimony and the Dictionary of Occupational Titles ("DOT"); (2) the ALJ did not properly consider whether Plaintiff could engage in work on a regular and sustained basis for a continuous 12-month period; (3) the ALJ erred by not considering in Plaintiff's Residual Functional Capacity ("RFC") the mental limitations found at step three; and (4) the ALJ erred by also failing to account for Plaintiff's alleged carpal tunnel syndrome in the RFC. ECF 27 at 5–18.

Of Plaintiff's requested grounds for relief, the Court agreed only that the ALJ made a step five error by not seeking additional testimony from the vocational expert to resolve an apparent conflict. ECF 32 at 9–15. Although Plaintiff argued that the ALJ failed to resolve an apparent conflict between the vocational expert's testimony that an individual limited to simple work-related decisions could work jobs described by the DOT as having a level two or three reasoning level, *see* ECF 27 at 5–9, the Court concluded that such an apparent conflict existed *only* as to level three reasoning occupations. ECF 32 at 11–15. The Court considered and rejected Plaintiff's other three bases for remand. *See id.* at 15–21.

In the instant Motion, Plaintiff seeks "an award of attorney's fees pursuant to 28 U.S.C. § 2412(d). ECF 35 at 1. Specifically, Plaintiff seeks compensation for 48 hours billed at an hourly rate of $207.00, "adjusted from the statutory amount of $125.00 per hour based upon the Consumer Price Index prepared by the Bureau of Labor and Statistics." *Id.* at 1–2. Plaintiff's counsel represents that although he spent 54.8 hours in this case, he discounted that amount "in an act of significant billing discretion." *Id.* Accordingly, Plaintiff seeks $10,036.00 ($9,936.00 in attorney's fees and $100.00 in costs). *Id.* at 3.[1]

---

[1] Plaintiff originally sought whatever additional fees may have been necessitated by the SSA opposing her Motion. In her reply, however, Plaintiff explained that she would not seek "additional … compensation for the 2.9 hours expended

## II.  ISSUE

The question before the Court is whether the Commissioner's litigating position was "substantially justified" for the purpose of determining whether an award of attorney's fees to Plaintiff is warranted under EAJA. *Hays v. Berryhill*, 694 F. App'x 634, 636 (10th Cir. 2017) (unpublished); *see also Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (describing the circumstances under which a successful litigant is entitled to recover attorney's fees under EAJA); *see generally* 28 U.S.C. § 2142(d)(1)(A).

## III.  PARTIES' ARGUMENTS

Plaintiff argues that the Commissioner's position was not substantially justified because longstanding Tenth Circuit precedent and SSA guidance had clearly established that there is an apparent conflict between an individual limited to simple work-related decisions and occupations requiring level three reasoning. ECF 37 (citing *Haddock v. Apfel*, 196 F.3d 1084 (10th Cir. 1999); *Hackett v. Barnhart*, 395 F.3d 1168 (10th Cir. 2005); *Paulek v. Colvin*, 662 F. App'x 588 (10th Cir. 2016); SSR 00-4p, 2000 WL 1898704.

For her part, the Commissioner insists that "although her position was not ultimately successful, there was a reasonable basis in fact and law for counsel to believe that the ALJ had not erred and thinking it her duty to defend this action." ECF 36 at 4. The Commissioner points out that although Plaintiff argued that *both* level two and three reasoning requirements are in apparent conflict with a limitation to simple work-related decisions, the Court *only* found that level three reasoning jobs appeared to conflict with such a limitation. *Id.*; *see generally* ECF 32 at 12–15. The Commissioner also observes that "[w]hile Plaintiff raised a litany of errors, the Court affirmed the Commissioner on all issues but one." *Id.* (citing ECF 32 at 9–20). The Commissioner concludes

---

researching and preparing [her] … reply brief." ECF 37 at 3. Plaintiff cited as the motivation for this forbearance the desire "to avoid yet more useless collateral litigation." *Id.*

3

that because the Court recommended remand on such narrow grounds, the Court, taking into consideration the entire record, should find that her decision to defend against Plaintiff's action was substantially justified. *Id.* at 7, 12–15 (citing *Madrid v. Astrue*, 243 F. App'x 387, 392 (10th Cir. 2007) (unpublished); *Pierce v. Underwood*, 387 U.S. 552, 565 (1988)).

## IV. ATTORNEY'S FEES UNDER EAJA

"[A] court shall award to a prevailing party … fees and other expenses … incurred by that party in any civil action …, including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was *substantially justified* or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (emphasis added). "A position is substantially justified if it has 'a reasonable basis in both law and fact.'" *Fletcher v. United States*, 801 F. App'x 640, 644 (10th Cir. 2020) (unpublished) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The Commissioner bears the burden to prove that her position was substantially justified. *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). To determine whether the Commissioner's position was substantially justified, the Court must consider the "totality of the circumstances, as reflected in the record before" it. *Fletcher*, 801 F. App'x at 644 (quoting *United States v. Charles Gyuman Land & Cattle Co.*, 836 F.2d 480, 485 (10th Cir. 1987)). Importantly, the Commissioner's position may still be substantially justified even though it was not correct. *Hackett*, 475 F.3d at 1172 (quoting *Pierce*, 487 U.S. at 552). In sum, the Commissioner's position must have been "'justified to a degree that could satisfy a reasonable person.'" *Hays v. Berryhill*, 694 F. App'x 634, 636 (10th Cir. 2017) (unpublished) (quoting *Pierce*, 487 U.S. at 565).

## V.     ANALYSIS

With the understanding that the Court must assess whether the Commissioner's position was "justified to a degree that could satisfy a reasonable person," the Court holds that Plaintiff is not entitled to attorney's fees under EAJA. *See Hays*, 694 F. App'x at 636.

Plaintiff argues that the SSA should have known that the ALJ's decision conflicted with *Haddock v. Apfel*, 196 F.3d 1084 (10th Cir. 1999), *Hackett v. Barnhart*, 395 F.3d 1168 (10th Cir. 2005), and *Paulek v. Colvin*, 662 F. App'x 588 (10th Cir. 2016). ECF 37 at 1. The Court disagrees. To be sure, these cases set out the basic rule upon which the Court's recommendation was based: an ALJ must seek a reasonable explanation from a vocational expert if her testimony appears to conflict with the information in the DOT. *See* ECF 32 at 9–15. But as the Court observed, "the Tenth Circuit has not yet had the opportunity to definitely declare whether there is an apparent conflict between a limitation to 'simple work-related decisions' and level three reasoning." *See id.* at 12. And in the absence of Tenth Circuit precedent, the Court found the opinions of other district courts persuasive. *See id.* at 12–13; *see also Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." (quoting 18 J. Moore et al., Moore's Federal Practice § 134.02, at 134–26 (3d ed. 2011)). Indeed, the Court noted that some courts have held that there is *no* such apparent conflict in this circumstance. *Id.* at 13 n. 12 (citing *Simons v. Comm'r, Social Security*, Civil Case No. RDB-17-1837, at *3–4 (D. Md. July 13, 2018) (collecting cases and observing that courts in the Seventh and Eighth Circuits have held there is no apparent conflict between level three reasoning and a limitation to simple work-related decisions)).[2]

---

[2] Plaintiff asserts that the SSA's "Vocational Expert Handbook," which "is available online at SSA's [sic] website and can be found simply by googling the terms 'SSA Vocational Handbook 2017,'" "has recognized that an apparent

Likewise, the Court disagrees with Plaintiff's suggestion that SSR 00-4p plainly contradicted the Commissioner's position. *See* ECF 37 at 2 ("After a period of more than 20 years since SSR 00-4p was issued, the Agency has had more than enough decades to come into compliance with its own policy."). While SSR 00-4p identifies certain types of apparent conflicts, it does not specifically acknowledge a conflict between occupations identified by the DOT as having a level three reasoning requirement and a limitation to simple work-related decisions. *See id.* at *3.

In sum, though ultimately unsuccessful, the Commissioner's position was substantially justified for two primary reasons. First, there was no binding authority stating that a limitation to simple work-related decisions presents an apparent conflict with occupations identified by the DOT as having level three reasoning. *See Cherry v. Barnhart*, 125 F. App'x 913, 916 (10th Cir. 2005) (unpublished) (holding that the Commissioner's position was substantially justified where applicable law was "uncertain"); c.*f. Le v. Astrue*, 529 F.3d 1200, 1201 (9th Cir. 2008) (holding that the Commissioner's position was substantially justified because her argument was "nonfrivolous"); *Gray v. Comm'r Soc. Sec.*, 23 F. App'x 436, 437 (6th Cir. 2001) (unpublished) (holding that the Commissioner's position was substantially justified where district court remanded *only* on the basis of a legal error). And the second reason that compels the conclusion that the Commissioner's position was substantially justified was the Commissioner's success in defeating

---

conflict between a [vocational expert's] testimony and the contents of the DOT exists in a situation just like this case." ECF 37 at 1, 1 n.1. Employing Plaintiff's inexact citation, the Court was unable to find the "SSA Vocational Handbook 2017," but did find the "Vocational Expert Handbook" published by the SSA in June 2020. Because Plaintiff did not identify *where* the Court could find the language to which she referred, the Court could only guess as to its location. Following a thorough review of the document, the Court could find only one relevant statement: "[t]here is an apparent conflict between a job that requires reasoning level 3, and a hypothetical individual that can perform only 'simple' or 'repetitive' tasks." Social Security Administration, Vocational Expert Handbook, at 38 (June 2020), https://www.ssa.gov/appeals/public_experts/Vocational_Experts_(VE)_Handbook-508.pdf. But this statement does not speak to whether a limitation to simple work-related decisions conflicts with level three reasoning. Indeed, the phrase "simple work-related decisions" does not appear *anywhere* in the Vocational Expert Handbook.

the lion's share of the issues raised by Plaintiff. *See Green v. Comm'r Soc. Sec.*, 52 F. App'x 758, 759 (6th Cir. 2002) (unpublished) ("As the government was successful in defending the Commissioner's decision on several issues, the government's position was substantially justified and the denial of attorney's fees under the EAJA was not an abuse of discretion."); *see also Hays*, 695 F. App'x 634, 637–38 (recognizing that the Commissioner's success on the merits is an appropriate consideration for determining whether her position was substantially justified).

## VI.  CONCLUSION

For the reasons stated above, Plaintiff's Motion is **DENIED**.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE